CHARLES OLIVER ET AL.
vs. } SEPTEMBER TERM, 1847.
MARY CATON ET AL.

---

[REMEDY OF PURCHASERS—POWER OF THE COURT—RIGHTS OF TENANTS AND LESSEES IN POSSESSION.]

---

IT is well established, that this court has the power in a proper case, to put the purchaser of lands under its decrees in possession, by an order passed upon the petition of the purchaser, such an authority being deemed indispensable to the full and complete administration of justice.

But this authority is restricted to those cases in which the persons holding the possession against the purchaser, are either parties to the proceedings, and whose rights are consequently determined by the decree, or persons who come into possession *pendente lite*, claiming title to the land, under the parties to the bill or some of them.

Where the party, who is in possession, acquired his title prior to the institution of the proceedings in which the decree passed, it would be irregular and improper to investigate and pass judgment upon it, in this summary manner, by way of motion.

Occupying tenants and lessees, claiming title under the party against whom the decree passes, must be made parties to the suit, if it is intended to conclude their rights thereby ; and if the existence of their rights is suggested to the court at the hearing, it will so frame the decree, as expressly to guard them from prejudice.

In this case, the party in possession claimed title under a lease for ninety-nine years, renewable for ever, executed long prior to the institution of the pro-

ceedings under which the decree passed, by a mortgagor, who, by the terms
of the mortgage, was to remain in possession until default was made by the
non-payment of the interest, the annual payment of which, would preclude,
by its terms, a foreclosure of the mortgage.   HELD—

That such an interest, derived from such a source, and attended with a consider-
able outlay of money in the improvement of the property, would require, be-
fore the rights of the party are absolutely concluded, that the regular and
established course of legal proceedings should be pursued.

---

[The facts of the cause are so fully set forth in the opinion,
as to require no additional statement.]

---

THE CHANCELLOR:

It appears by the proceedings in this case, that on the 9th of
July, 1831, Richard Caton, now deceased, being indebted to
Roswell L. Colt in the sum of $13,110 43, with interest from
the 31st of December, then last past, for the purpose of secur-
ing the repayment of the money with interest, executed, on the
first named day, a deed of mortgage to the said Colt, of two
parcels of land in Baltimore county, with an agreement, that so
long as the mortgagor should pay the mortgagee the interest
upon the debt annually, at the rate of five *per centum*, he should
continue and remain in possession of the mortgaged premises,
and that until the mortgagor should make default in the pay-
ment of the interest as aforesaid there should be no foreclosure
of the mortgage.

This mortgage, and the debt secured thereby, was after-
wards, that is to say, on the first day of July, 1835, assigned
by the mortgagee, to Charles Oliver and others, the complain-
ants in this case, who, on the 29th of August, 1845, filed their
bill in this court for a foreclosure and sale, upon the allegation
that default had been made in the non-payment of the interest
according to the covenant.   The parties, defendants to this bill,
were those to whom Caton, the mortgagor, had granted and
conveyed his interest in the mortgaged premises in May, 1845.
And a decree having passed for the sale of the mortgaged prem-
ises, on the 30th of March, 1846, the same were accordingly
sold on the 4th of June following, for the sum of $14,000,
which sale has been duly ratified and confirmed by the court.

The purchaser, Allen Thomas, on the 14th of May, 1847, filed his petition in the cause, stating that one William Clements was in possession of a part of the property so purchased by him, having obtained possession long after the date of the mortgage, and that upon demand, he had refused to surrender the same to the said purchaser, who prayed for the usual power to remove him, Clements, and for the delivery of the possession to the purchaser.

Upon this petition, an order to show cause was passed, and Clements has filed an answer and certain exhibits, which he deems sufficient to repel the application.

It appears from the answer and exhibits, that on the 1st of January, 1833, Caton, the mortgagor, leased to one Allen Shipley, his executors, administrators and assigns, a lot of ground containing one acre and a half, for ninety-nine years, renewable forever, for the annual rent of nine dollars, clear of all deductions for taxes, &c. And it appears by an indorsement upon the lease, dated the 12th of March, 1842, that Shipley, for the consideration of $145, assigned and transferred the same to Clements, and engaged to enter into any other instrument of writing, for the better security of Clements, and the more effectual transfer to him of the lease. The lease was acknowledged and recorded in due time, but the assignment indorsed upon it was not. Afterwards, that is, on the 31st of October, 1846, Shipley executed a formal assignment to Clements of his interest in the lease, which was duly acknowledged and recorded among the land records of the county. It further appeared that Richard Caton, the lessor, on the 31st of May, 1845, agreed that Clements should be entitled to enclose, temporarily, the lot around his house containing about nine acres, until the first of December then ensuing, for the sum of ten dollars, and in a certain event, should have a lease for the same, for the term of ninety-nine years, at $3 00 per acre, per year, and in a certain other event, the lease was to be for only ten years. This paper was not recorded. The answer of Clements alleged that Shipley and respondent, had occupied and possessed these parcels of land long before the bill in this case

was filed, and before the complainants had any interest in the mortgage. That respondent had improved the lot containing the one acre and a half, at much expense as a homestead, and that though he and Shipley, the assignor of one of the lots, have been in the possession of them for a great number of years, their title, until very recently, has never been questioned by any one. That in the confidence of his undoubted right to an undisturbed possession of the two lots, the respondent has gone on to cultivate the same, and that at this time, all his substance is growing thereon, so that his immediate removal therefrom would utterly ruin him and a large family.

The answer further states, that at November term, 1846, of Baltimore County Court, the petitioner, Thomas, instituted against the respondent an action for an alleged trespass upon said lands, which suit, owing to the default of the petitioner, has not been tried, and that the same has been continued until the next November term, upon his application for a warrant of resurvey, which, however, he, the petitioner, has not had executed. The answer does not admit that the lands occupied by the respondent are included in the mortgage to the complainant, or that they were purchased by the petitioner, but that as the lease from Caton to Shipley, and the assignment by the latter to the respondent, gave him an equitable title, he should have been made a party to the original bill. Upon a survey, ordered by the court, it did appear that the lands held by the respondent were included in the mortgage from Caton to Colt, and were included in the purchase by the petitioner at the sale made by the trustee in this case, and the question which is presented by this state of facts, and which has been argued by the counsel, is, whether the petitioner is, under the circumstances of this case, entitled to the interposition of the court in his favor, in this summary form.

That the court has the power in a proper case to put the purchaser of lands under its decrees in possession, by an order passed in a proceeding similar to the present, is clearly established, such an authority being deemed indispensable to the full and complete administration of justice; and the question

here, therefore, is, not as to the power of the court, which is not denied, but whether the circumstances of this case are such as to justify its exercise.

In the case of *Tongue* vs. *Morton*, 6 *Har. & Johns.*, 21, the Court of Appeals appear to consider the authority of the Court of Chancery to enforce its decrees, by directing the possession to be delivered to the purchaser, to be restricted to those cases, in which the persons holding the possession against the purchaser, are either parties to the proceedings, and whose rights are consequently determined by the decree, or persons who come into possession *pendente lite*, claiming title under the parties to the bill, or some of them. It is true, the court in that case, speaking of the title of Tongue, the party in possession, say that he was not only in possession at the time the original petition was filed, but that he claimed adversely to the will of Westency, under which the property was sold; but it appears to me, that the court did not mean to be understood as deciding, that an adverse claim was necessary to protect him from being dispossessed, in that form of proceeding. On the contrary, I understand the decision to mean, that the power in question, that is, the authority of the Court of Chancery, to turn a party out of possession, without an adjudication upon his title in the usual course of judicial proceeding, extends only to those cases in which the party in possession came in *pendente lite*, claiming title to the property under the parties to the bill, or some of them, in which case they occupy the position of those whom they represent. But where the party who is in possession, acquired his title prior to the institution of the proceedings in which the decree passed, it would seem irregular, and in conflict with the views of the Court of Appeals in the case referred to, to investigate and pass judgment upon it, in a summary manner, by way of motion.

The case of *Frazier* vs. *Palmer*, 2 *Har. & Gill*, 469, so far as the circumstances are alike, is in confirmation of this view.

But it is said, that the party in possession in this case, is a mere occupying tenant, claiming possession under the party,

27

against whom, or against whose grantees the bill was filed, and that, consequently, there was no necessity to make him a party to the bill, upon the ground, that his rights may be regarded as represented by those who are before the court, and *Story's Equity Pleadings*, 146, *section* 151, is referred to, in support of the proposition. The authority, however, relied upon, states expressly, (after saying, that in their absence, that is, the absence of such tenants, their rights will be so far protected as not to be absolutely concluded in the suit,) that if it is intended to conclude their rights in the same suit, such tenants or lessees, must be made parties to it. And that it is not unusual, if the existence of their rights is suggested to the court at the hearing, to frame the decree in such a manner, as expressly to guard them from prejudice. The same rule is asserted in nearly the same terms in 1 *Daniel's Ch. Pr.*, 311, 312.

It is a circumstance not unworthy of notice in the present case, that the lease from the mortgagor to Shipley, of which Clements is the assignee, is for ninety-nine years, with a covenant for its perpetual renewal, and that the latter has made considerable improvements upon the premises, and that this lease was made by a party, who, by the terms of the mortgage, was to retain possession until default should be made by the non-payment of interest, the annual payment of which, by the terms of the instrument, would preclude a foreclosure of the mortgage. An interest derived from such a mortgagor, with this character of permanence attached to it, and attended with a considerable outlay of money, in the improvement of the property, would seem to require, before the rights of the party are absolutely concluded, that the "regular and established course of judicial proceeding should be pursued."

Cases have been cited in the argument to show, that in a bill to foreclose a mortgage, subsequent incumbrancers are not necessary parties, but as this question need not in this case be decided, and there are conflicting authorities upon the subject, an investigation of it does not appear to me to be called for.

My opinion, upon the question raised, is, that the petitioner

in this case, cannot succeed in his application, and an order will be passed accordingly.

JOHN GLENN for the Petitioner.
W. H. FREEMAN for Respondent.